(173 App. Div. 861)

## LINNEBALL v. LEVY DAIRY CO.

(Supreme Court, Appellate Division, First Department. July 10, 1916.)

1. MUNICIPAL CORPORATIONS ⬥706(6)—STREETS—INJURIES UPON—ACTION.

In an action for the death of plaintiff's intestate, run down by defendant's motor car, the questions of defendant's negligence and intestate's contributory negligence *held*, under the evidence, for the jury.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1518; Dec. Dig. ⬥706(6).]

2. MUNICIPAL CORPORATIONS ⬥705(4)—STREETS—INJURIES UPON—NEGLIGENCE.

That the driver of defendant's motor truck, which ran down plaintiff, left his cut-out open, so as to give a warning of the approach of the car, the horn having been removed for repairs, does not establish negligence because the municipal ordinance forbade the leaving of the cut-out open, for while violation of an ordinance is evidence of negligence, the negligence must be connected with the injury, and the cut-out was left open to avoid accidents.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1515; Dec. Dig. ⬥705(4).]

3. TRIAL ⬥260(8)—INSTRUCTIONS—REFUSAL.

Defendant was entitled to a charge that the fact that the ordinance prohibited the cut-out being open was not to be taken into consideration against defendant, and a charge that, though the driver was liable to fine for having his cut-out open, that fact, standing alone, did not make defendant liable, was insufficient.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 657; Dec. Dig. ⬥260(8).]

Appeal from Trial Term, New York County.

Action by Rose Amelia Linneball, as administratrix, against the Levy Dairy Company. From a judgment for plaintiff, and an order denying new trial, defendant appeals. Reversed and remanded.

Argued before CLARKE, P. J., and McLAUGHLIN, SCOTT, SMITH, and PAGE, JJ.

Lowen E. Ginn, of New York City, for appellant.
John J. O'Connell, of New York City, for respondent.

SMITH, J. [1] The plaintiff's husband was killed in a collision with an automobile. He was riding a bicycle up Second avenue, between Fourth and Fifth streets. The automobile was an automobile owned by the defendant and was going south on Second avenue. There were two automobiles going south at the same time upon the south-

bound track of the trolley. The defendant's automobile veered to the left, and was going south upon the north-bound track of the trolley. The evidence is to the effect that it was speed-checked, so that it could not go more than 17 or 18 miles an hour, nor with a load over 14 miles an hour. It was evidently going rapidly in passing these two automobiles, one of which was towing the other, a cripple. The plaintiff's intestate came up the street upon or near the north-bound track. There is nothing to show why the plaintiff's intestate could not have seen this automobile coming down the track, if he were going up the track directly, as seems to be the general import of the testimony. The testimony of the truck driver, however, is that he suddenly came out from behind some other automobiles or trucks, and was upon the track in front of him within a very few feet of his automobile, so that he could not stop. The evidence is such that a question was fairly presented to the jury as to whether the defendant was guilty of negligence, and as to whether the plaintiff was guilty of contributory negligence.

[2, 3] This judgment must be reversed, however, for an error in the charge. It appears that there was no horn on this truck. It had been sent to the shop for repair. In order, therefore, to give notice, the driver had opened his cut-out, so that it made a very noisy-moving machine. This is testified to by all of the witnesses. The court in the charge to the jury stated to them:

"Even though the chauffeur was liable to a fine for having his cut-out open, standing alone, this does not necessarily make the defendant company liable for the accident that happened."

It is evident that the question as to the defendant's violation of the law in keeping this cut-out open was raised and considered at the trial, to the extent that a juror interposed and asked some questions about it. The record shows the following colloquy between a juror and the truck driver:

"Q. What was the idea in having that cut-out open? A. Well, not having the horn on. Q. Whenever you had a car without a horn, you had the cut-out open. In other words, this car had always the cut-out open? A. No, sir; but the horn was taken off, to be repaired, and, as I was going out with the car, I got hold of the seal, and I sealed open the muffler, so that it would keep open steadily. Q. Were you allowed to do that? A. No, sir; I was taking a chance to get a summons for it, but that is only $2 or $3 fine."

After the main charge, the defendant's counsel asked the court to charge the jury that the defendant is not to be held negligent because the cut-out of the defendant's automobile was open. The court refused to charge again as to that, except as charged. The record then reads:

"Mr. Feltenstein: I except.

"The Court: I have substantially charged that, and I told you a moment ago that I disliked having the same matter that I have ruled on repeated in a different form.

"Mr. Feltenstein: I beg your honor's pardon, I asked your honor to charge that the fact that the ordinance prohibits a cut-out being open is not to be taken into consideration by the jury against this defendant.

"The Court: I decline to charge that, except as already charged.

"Mr. Feltenstein: I except. I ask your honor to charge the jury that if the cut-out was open, and if that was sufficient as a warning signal, then whether the ordinance permitted or prohibited the use of an open cut-out makes no difference. The question is whether the plaintiff's intestate heard or should have heard the approach of the truck—not the character of the noise used to apprise one of its approach.

"The Court: I refuse to charge further thereon, except as charged.

"Mr. Feltenstein: I except."

We think the defendant was entitled to the charges as requested. When the court stated, in response to the first request quoted, "I have substantially charged that," that was a misstatement, as the only charge he had made left it to the jury to say whether the violation of this ordinance was a fact which might be considered in holding the defendant liable for the accident. While a violation of an ordinance is some evidence of negligence, there can be no pretense that such negligence was in any way the cause of this accident. In fact, the violation of the ordinance was a precaution against such an accident. The defendant can only be charged with negligence that in some way contributed to the accident. It was entitled, therefore, to have the jury instructed specifically as requested—first, that the defendant was not to be held negligent because the cut-out was open; second, that the fact that the ordinance prohibits the cut-out being open was not to be taken into consideration by the jury against the defendant; and, third, that if the cut-out. was open, and was sufficient as a warning signal, whether the ordinance permits or prohibits it makes no difference.

In view of the interest taken in the question by one of the jurors asking in reference thereto, it might well be that this verdict was influenced by the fact that the defendant was violating this ordinance by leaving the cut-out open.

For these errors the judgment and order should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.